**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ELAN KATZ, IN HIS CAPACITY AS )
REPRESENTATIVE FOR THE )
SELLERS, ) C.A. No. N25C-02-061 MAA CCLD
)
      Plaintiff, )
)
      v. )
)
INFUSION SERVICES )
MANAGEMENT, LLC, )
)
      Defendant. )

## ORDER

Date Submitted: July 18, 2025
Date Decided: October 22, 2025

Upon consideration of Defendant Infusion Services Management, LLC's ("Defendant") Motion to Dismiss,[1] Plaintiff Elan Katz's ("Plaintiff") Answering Brief in Opposition to the Motion to Dismiss,[2] Defendant's Reply Brief,[3] and the entire record in this action, it appears to the Court that:

## Background and Procedural History

1. On February 11, 2025, Plaintiff, in his capacity as Representative for the Sellers, filed a Complaint,[4] alleging Defendant breached a Purchase Agreement concerning the sale of an infusion and pharmacy business.[5]

---

[1] Docket Item ["D.I."] 13 ["Mot."]; D.I. 14 ["OB"].
[2] D.I. 20 ["Ans. Br."].
[3] D.I. 22 ["Reply Br.].
[4] D.I. 1 ["Compl."]
[5] Compl. ¶ 1.

2. During the Purchase Agreement's defined True-Up Period,[6] Defendant, as the Buyer, was required to operate the acquired business within specific guardrails outlined in the Purchase Agreement.[7] After the close of the True-Up Period, the parties were to collaborate to determine a true-up payment – additional consideration to be paid to the Buyers based on the performance of the business during the True-Up Period.[8]

3. Plaintiff contends Defendants breached the guardrails outlined for the True-Up Period in order to drive down the True-Up Payment.[9] Plaintiff seeks indemnification for Defendants' alleged breaches.[10]

4. On March 24, 2025, Defendant filed a Motion to Dismiss, contending the Court lacks subject matter jurisdiction over Plaintiff's claims.[11] Defendant argues the Purchase Agreement requires accounting disputes go to an Auditor for resolution, and that Plaintiff alleges various accounting disputes.[12] Defendant also argues Plaintiff fails to state a claim for which relief can be granted.[13]

---

[6] Compl. Ex. A ["Purchase Agreement"] § 1.1.
[7] Purchase Agreement § 2.9(f).
[8] Purchase Agreement § 2.9.
[9] Compl. ¶ 2.
[10] Compl. ¶¶ 49-55.
[11] OB at 15.
[12] *Id*. (citing Purchase Agreement §§ 2.7, 2.9.).
[13] OB at 22.

5.    On May 8, 2025, Plaintiff filed a Response to the Motion to Dismiss.[14] On May 30, 2025, Defendant filed their Reply Brief.[15] The Court heard oral argument on the Motion to Dismiss on July 18, 2025.[16]

## Analysis

6.    Delaware Courts regularly dismiss contractual indemnification claims where the contractual parties fail to avail themselves of the contractual alternative dispute resolution process.[17] The Purchase Agreement provides that the Parties would raise accounting issues related to the true-up process with an Auditor.[18]

7.    Plaintiff contends Defendant violated Section 2.9 of the Purchase Agreement when it allegedly:

> (1) changed its accounting methodology in material respects, including how it recognizes the Target Business's revenue and records bad debt reserves;
> (2) overallocated corporate overhead from unrelated businesses to the Target Business;
> (3) recorded negative and zero revenue, negative inventory, and negative cash for certain business locations for certain months;
> (4) failed to keep relevant accounting records, including a balance sheet for the Target Business broken down by location;
> (5) failed to record revenue derived from sales of drug dispensing data to manufacturers;

---

[14] Ans. Br.
[15] Reply Br.
[16] D.I. 27 ["Judicial Action Form"].
[17] *See e.g. Belknap Hldgs., LLC v. Midwest Prototyping, LLC*, 2024 WL 4441958, at *6 (Del. Super. Oct. 8, 2024); *Gandhi-Kapoor v. Hone Cap. LLC*, 307 A.3d 328, 345 (Del. Ch.), *as corrected* (Dec. 4, 2023), *motion to certify appeal granted sub nom. Gandhi-kapoor v. Hone Cap. LLC & Csc Upshot Ventures I, L.P.* (Del. Ch. 2023), and *aff'd sub nom. CSC Upshot Ventures I, L.P. v. Gandhi-Kapoor*, 326 A.3d 369 (Del. 2024).
[18] Purchase Agreement §§ 2.7(d); 2.9.

(6) failed to keep exact records related to the revenue from the sale of this data;

(7) refused to provide Plaintiff with information necessary to complete a quality of earnings report, or information that would allow Plaintiff to evaluate material elements of the True-Up Statement and related numbers and accounting, including, among others, including cost of goods sold, income, corporate overhead, and inventory; [and]

(8) removed Mr. Sweatman from his role as the Target Business's Chief Operating Officer without cause.[19]

Items 1-7 raise technical issues with Defendant's accounting practices during the True-Up Period. Plaintiff raised each of these issues when it objected to Defendant's true-up calculation, made pursuant to the same contractual dispute resolution process which requires accounting claims to go to an Auditor.[20]

8. While Plaintiff and Defendant dispute which subsection of Rule 12(b) governs dismissal of an action in favor of an alternative dispute resolution process,[21] the result is unchanged: Plaintiff raises technical accounting issues which should be brought before the Auditor, pursuant to the unambiguous terms of the Purchase Agreement's dispute resolution provisions. Plaintiff's indemnification claim is **DISMISSED** to the extent it concerns items 1-7 of the allegations in the Complaint's paragraph 52.

9. Plaintiff further alleges Defendant violated the Purchase Agreement by changing the job responsibilities of Mr. Sweatman.[22] This claim does not raise an

---

[19] Compl. ¶ 52.
[20] Compl. Ex. E; Purchase Agreement § 2.9(c).
[21] OB at 12; Ans. Br. at 7.
[22] Compl. ¶ 52.

accounting issue but should be resolved after the Auditor addresses the accounting claims, in the interest of efficiency. Delaware courts have discretion to stay claims pursuant to the Court's inherent power to control its docket.[23] The Court **STAYS** Plaintiff's claim regarding Mr. Sweatman until after the Auditor addresses the case.

10. The Court will not address Defendant's arguments regarding failure to state a claim for which relief can be granted, as many of those issues are mooted by the dismissal of Plaintiff's claims. Any remaining arguments concerning Plaintiff's alleged failure to state a claim shall be resolved after the Auditor addresses the case and the Court's stay is lifted.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

---

[23] *Varsity Brands Hldg. Co. LLC v. Arch Ins. Co.*, 2025 WL 552500, at *17 (Del. Super. Feb. 19, 2025) (citation omitted).